1   BRIAN L. DAVIDOFF (SBN 102654)
    BDavidoff@GreenbergGlusker.com
2   JEFFREY A. KRIEGER (SBN 156535)
    JKrieger@GreenbergGlusker.com
3   KEITH PATRICK BANNER (SBN 259502)
    KBanner@GreenbergGlusker.com
4   GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
5   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
6   Telephone:  310.553.3610
    Fax:  310.553.0687
7
8   General Bankruptcy Counsel for
    Debtor and Debtor in Possession

9

10              UNITED STATES BANKRUPTCY COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12              LOS ANGELES DIVISION

13

14   In re:                          Case No. 2:17-bk-15292-NB

15   B&B Bachrach, LLC,              Chapter 11

16         Debtor and Debtor in Possession.   **NOTICE OF:**

17                                   **(1) ENTRY OF ORDER CONFIRMING
                                     THE DEBTOR'S COMBINED CHAPTER
18                                   11 PLAN OF REORGANIZATION AND
                                     DISCLOSURE STATEMENT;**

19                                   **(2) OCCURRENCE OF EFFECTIVE DATE
                                     UNDER THE COMBINED PLAN AND
20                                   DISCLOSURE STATEMENT;**

21                                   **(3) FIXING OF CERTAIN BAR DATES
                                     AND DEADLINES;**
22
                                     **(4) VESTING OF PROPERTY AND
23                                   CAUSES OF ACTION UNDER THE
                                     COMBINED PLAN AND DISCLOSURE
24                                   STATEMENT;**

25                                   **(5) OCCURRENCE OF INJUNCTION AND
                                     RELEASES  UNDER THE COMBINED
26                                   PLAN AND DISCLOSURE STATEMENT;
                                     AND**
27
                                     **(6) CERTAIN RELATED MATTERS.**
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Confirmation Hearing:
Date:   August 8, 2017
Time:  2:00 p.m.
Place:  Courtroom 1545
          255 E. Temple Street
          Los Angeles, CA 90012

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL CREDITORS, PARTIES-IN-INTEREST, AND THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE THAT:**

1. **The Confirmation Order Has Been Entered Confirming the Debtor's Combined Plan and Disclosure Statement**.

On August 14, 2017, the Court entered its *Order: (1) Approving Combined Plan and Disclosure Statement As Containing Adequate Information; and (2) Confirming Combined Plan and Disclosure Statement (As Modified)* [Docket No. 265] (the "Confirmation Order") attached hereto as Exhibit 1 with respect to the *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement* [Docket No. 197] filed on July 13, 2017 as such document was modified by the *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, As Further Modified* [Docket No. 258][1] including all exhibits attached thereto (the "Combined Plan and Disclosure Statement")[2] filed by B&B Bachrach, LLC, the Reorganized Debtor and the former Debtor and Debtor in Possession in the above-captioned chapter 11 case (the "Reorganized Debtor").

2. **Occurrence of the Effective Date on August 31, 2017.**

The Effective Date of the Combined Plan and Disclosure Statement occurred on **August 31, 2017** pursuant to Section IX.A of the Combined Plan and Disclosure Statement, with all conditions set forth in Section IX.B of the Combined Plan and Disclosure Statement having been satisfied.

3. **Binding Effect of the Combined Plan and Disclosure Statement.**

Pursuant to Section IX.C of the Combined Plan and Disclosure Statement, the occurrence of the Effective Date binds the Debtor, all Creditors, Holders of Interests, and other parties in interest to the provisions of the Combined Plan and Disclosure Statement, whether or not the

---

[1] The modifications to the Combined Plan and Disclosure Statement contained in Docket No. 258 reflect and incorporate modifications from the following (1) *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, As Modified* [Docket No. 241]; the (2) *Stipulation By and Between the Debtor and Israel Discount Bank of New York Amending the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, as Modified* [Docket No. 250]; and (3) modifications stated on the record in open court at the Confirmation Hearing as set forth in the Combined Plan and Disclosure.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

NOTICE OF OCCURRENCE
OF EFFECTIVE DATE

Claim or Interest of such Creditor or Interest Holder is impaired under the Combined Plan and Disclosure Statement, and whether or not such Creditor or Interest Holder has accepted the Combined Plan and Disclosure Statement.

**4.      Deadlines and Bar Dates Triggered by the Occurrence of the Effective Date.**

Without extending or limiting the applicability of any prior deadlines or bar dates set by the Court which may have already passed, including, but not limited to those deadlines set forth in the Court's *Order Setting Bar Date: July 17, 2017 and Directing Service by Debtor* [Docket No. 155] entered on June, 12, 2017, notice is hereby given of the following bar dates and deadlines:

a.      **Administrative Claims Bar Date**.  Except as provided in the Combined Plan and Disclosure Statement, all requests for payment of an Administrative Claim must be filed with the Court and served upon counsel for the Reorganized Debtor no later than **October 2, 2017**.  To be clear, the Administrative Claims Bar Date does not apply to the following Claims: U.S. Trustee Fees, 503(b)(9) Claims, Ordinary Course Administrative Claims, Professional Fee Claims, and any Administrative Claim or Superpriority Claim held by IDB.  Any Person holding an Administrative Claim that is subject to the Administrative Claims Bar Date that does not timely file and serve a request for payment will be forever barred from asserting such Claim against the Debtor, the Reorganized Debtor, the Estate, or its respective property.

b.      **Rejection Damages Claim Bar Date**.  Pursuant to Section X.B of the Combined Plan and Disclosure Statement, upon the occurrence of the Effective Date, all executory contracts and unexpired leases not previously assumed or rejected, or not set forth on the Schedule of Assumed Agreements attached to the Combined Plan and Disclosure Statement, were rejected (as of the Effective Date).  Any Claim against the Debtor for damages arising from the rejection of an executory contract or unexpired lease under the Combined Plan and Disclosure Statement must be filed with the Court and served upon counsel for the Reorganized Debtor no later than **October 2, 2017**.  Any Rejection Damages Claim for rejection of an executory contract or unexpired lease occurring under the Combined Plan and Disclosure Statement not timely filed and served by October 2, 2017 will be forever barred and unenforceable against the Debtor, the Reorganized Debtor, the Estate, and its respective property, and any Person holding such a Claim will be barred from receiving any Distribution on account of such untimely Claim.

c.      **Professional Fee Claims Through the Effective Date**.  Each Holder of a Professional Fee Claim seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date shall file such Holder's final application for the allowance of compensation for services rendered and the reimbursement of expenses incurred through the Effective Date by no later than the **October 2, 2017**.  All objections to the allowance of Professional Fee Claims through the Effective Date must be filed and served by no later than **October 16, 2017**.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NOTICE OF OCCURRENCE
OF EFFECTIVE DATE

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

d. **Claims Objection Deadline**.  Unless otherwise extended pursuant to Section IX.L.3 of the Combined Plan and Disclosure Statement, and except with regard to Administrative Claims, the deadline for the Debtor or the B&B Creditor Trust to object to Claims is the later of: (i) February 27, 2018, or (ii) 180 days after the proof of claim is filed with the Court.

5. **Vesting of Assets Triggered by the Occurrence of the Effective Date.**

a. **Vesting of Property to the Reorganized Debtor**. Pursuant to Section IX.D of the Combined Plan and Disclosure Statement, upon the Effective Date, all property of the Debtor and the Estate vested in the Reorganized Debtor.  Except with respect to the IDB Collateral that is subject to a valid first priority Lien in favor of IDB, the vesting of such property is free and clear of all Claims and Interests, including Liens, charges or other encumbrances of Creditors of the Debtor.

b. **Vesting of Causes of Action.**  Pursuant to Section IX.E of the Combined Plan and Disclosure Statement, upon the Effective Date, all Causes of Action, except those preserved for the B&B Creditor Trust, to the extent not released by the Combined Plan and Disclosure Statement, the Confirmation Order or any order of the Court, were preserved and vested in the Reorganized Debtor.  As provided in Section IX.F of the Combined Plan and Disclosure Statement, upon the Effective Date, the Debtor assigned the Park Claims to the B&B Creditor Trust, and the same were preserved and vested in the B&B Creditor Trust.

6. **Discharge, Injunction and Releases Under the Combined Plan and Disclosure Statement**

a. **Discharge and Injunction.**  Pursuant to Section IX.I of the Combined Plan and Disclosure Statement, except as otherwise provided in the Combined Plan and Disclosure Statement or the Confirmation Order, the rights afforded in the Combined Plan and Disclosure Statement and the treatment of all Claims and Interests therein, are in exchange for and in complete satisfaction, discharge, and release of Claims, Interests or other debts of any nature whatsoever against the Debtor and the Reorganized Debtor or any of its assets or properties that arose at any time before the Effective Date.  For detailed information regarding the discharge and injunction effectuated under the Combined Plan and Disclosure Statement, please see the attached Confirmation Order.

b. **Release by the Debtor.**  Pursuant to Section IX.J of the Combined Plan and Disclosure Statement, upon the Effective Date, the Debtor, the Estate, the Reorganized Debtor, the Committee, Post-Effective Date Committee, the B&B Creditor Trust, the B&B Creditor Trustee, any representative of the Estate, and any trustee (the foregoing referred to hereinafter collectively as the "IDB Releasing Parties") were deemed to have released, waived and discharged IDBfrom any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, based on the Debtor's restructuring, the Chapter 11 Case, the Combined Plan and Disclosure Statement, the IDB Claim, the IDB Prepetition Financing Documents and IDB Loan Amendment, the Cash Collateral Orders, the Park Claims, or any other act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date.

NOTICE OF OCCURRENCE
OF EFFECTIVE DATE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

    c.  **Release of Claims Against Mr. Lipman**.  Pursuant to Section IX.F.4 of the Combined Plan and Disclosure Statement, upon the Effective Date, the Committee, the Post-Effective Date Committee and the B&B Creditor Trust completely released and forever discharged Mr. Lipman, his successors, agents, representatives, or assignees agents from any and all Claims or Causes of Action that the Committee, the Post-Effective Date Committee and the B&B Creditor Trust may hold against Mr. Lipman.

    **7.**    **Nothing contained in this Notice shall be construed as intending to limit, amend, or modify any provision of the Combined Plan and Disclosure Statement and/or the Confirmation Order.  To the extent that any of the information contained herein is inconsistent with any provision of the Combined Plan and Disclosure Statement and/or the Confirmation Order, the Combined Plan and Disclosure Statement or the Confirmation Order, as applicable, shall control.**

August 31, 2017

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: */s/ Brian L. Davidoff*
    BRIAN L. DAVIDOFF
    JEFFREY A. KRIEGER
    KEITH PATRICK BANNER
    General Bankruptcy Counsel for Debtor
    and Debtor in Possession

# EXHIBIT "1"

BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  310.553.3610
Fax:  310.553.0687

General Bankruptcy Counsel for
Debtor and Debtor in Possession



FILED & ENTERED

AUG 14 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>B&B Bachrach, LLC,<br><br>       Debtor and Debtor in Possession. | Case No. 2:17-bk-15292-NB<br><br>Chapter 11<br><br>**ORDER:**<br><br>**(1) APPROVING COMBINED PLAN AND DISCLOSURE STATEMENT AS CONTAINING ADEQUATE INFORMATION; AND**<br><br>**(2) CONFIRMING COMBINED PLAN AND DISCLOSURE STATEMENT (AS MODIFIED)**<br><br>Confirmation Hearing:<br>Date:  August 8, 2017<br>Time:  2:00 p.m.<br>Place:  Courtroom 1545<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Debtor and Debtor in Possession B&B Bachrach, LLC, (the "Debtor")[1] having proposed

and filed the *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement*

---

[1] The Debtor will herein be referred to as the "Reorganized Debtor" when such reference relates to actions or occurrences after the Effective Date.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

[Docket No. 197] filed on July 13, 2017 as such document was modified by the *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, As Further Modified* including all exhibits attached thereto (the "Combined Plan and Disclosure Statement")[2] [Docket No. 258] [3]; the Court having held a status conference on the Combined Plan and Disclosure Statement on July 11, 2017 at 2:00 p.m. (the "Confirmation Status Conference") to consider conditional approval of the disclosure statement as part of the Combined Plan and Disclosure Statement, and to establish procedures regarding plan confirmation and disclosure statement approval on a final basis; the Court having entered on July 13, 2017 its *Order (1) Conditionally Approving Combined Plan And Disclosure Statement As Containing Adequate Information; And (2) Approving Solicitation And Voting Procedures With Respect To The Debtor's Combined Plan And Disclosure Statement* [Docket No. 195] (the "Disclosure Statement/ Confirmation Procedures Order"), pursuant to which the Court (a) conditionally approved the Combined Plan and Disclosure Statement under section 105(d)(2)(B)(vi) of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule"), as containing adequate information pursuant to section 1125 of the Bankruptcy Code, (b) established notice, balloting, and voting procedures in connection with soliciting votes on the Combined Plan and Disclosure Statement, (c) fixed objection and other deadlines relating to confirmation of the Combined Plan and Disclosure Statement, and (d) scheduled the Confirmation Hearing; and the Court having extended the deadlines for senior secured creditor Israel Discount Bank of New York to submit its ballot on the Combined Plan and Disclosure Statement and file any objections thereto, pursuant to those certain orders entered on July 31, 2017 [Dkt. No. 223] and August 3, 2017 [Dkt. No. 239].

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Combined Plan and Disclosure Statement.

[3] The modifications to the Combined Plan and Disclosure Statement contained  in Docket No. 258  reflect and incorporate modifications from the following (1) *Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, As Modified* Docket No. 241]; the (2) *Stipulation By and Between the Debtor and Israel Discount Bank of New York Amending the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, as Modified* [Dkt. No. 250]; and (3) modifications stated on the record in open court at the Confirmation Hearing Hearing as set forth in the Combined Plan and Disclosure Statement (collectively with Dkt. Nos. 241, and 250 the "Modifications").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

A Confirmation Hearing to consider confirmation of the Combined Plan and Disclosure Statement and the adequacy of the disclosure statement contained therein having been held on August 8, 2017 at 2:00 p.m. (prevailing Pacific Time), before the Honorable Neil W. Bason, United States Bankruptcy Judge, in Courtroom 1545 of the United States Bankruptcy Court for the Central District of California, located at 255 East Temple Street, Los Angeles California 90012; Brian L. Davidoff, Esq. and Keith Patrick Banner, Esq. of Greenberg Glusker Fields Claman and Matchinger LLP appearing on behalf of the Debtor and other appearances having been noted on the record; and the Court having considered the following:

- the Combined Plan and Disclosure Statement and Plan Modification;

- the Disclosure Statement/Confirmation Procedures Order;

- the *Certificate of Service of Combined Plan and Disclosure Statement Solicitation Package Transmittal* [Docket No. 206], filed by the Debtor on July 19, 2017 (the "Certificate of Solicitation Service");

- *the Stipulation by and Between the Debtor and Certain Texas Taxing Authorities Regarding Treatment Under the Combined Plan and Disclosure Statement* [Docket No. 228] ("Texas Tax Stipulation") filed July 31, 2017;

- *CBL & Associates Management, Inc.'s Contingent Cure Claim Objection and Limited Objection to Plan Confirmation* [Docket No. 220] filed on July 28, 2017;

- the *Objection of Various Landlords to Debtor's Proposed Cure Amounts and Plan of Reorganization* [Docket No. 224] filed on July 31, 2017;

- the *Response of General Growth and Taubman Landlords to Proposed Cure Amounts and Limited Objection to Debtor's Combined Plan and Disclosure Statement* [Docket No. 225] filed on July 31, 2017;

- the *Comments of The Official Committee of Unsecured Creditors to Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement* [Docket No. 226] filed on July 31, 2017;

- the *United States Trustee's Objection To Confirmation Of Debtor's Combined Chapter 11 Plan Of Reorganization And Disclosure Statement* [Docket No. 227] filed on July 31, 2017 and any responses filed thereto;

- the *Declaration of Keith Patrick Banner Regarding Tabulation and Certification of Ballots Voting to Accept or Reject the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement* [Docket No. 244] filed on August 4,

2017, as supplemented by the *Supplemental Declaration of Keith Patrick Banner Regarding Receipt of Israel Discount Bank of New York's Ballot Accepting the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement* filed on August 7, 2017 (the "Ballot Summary");

- the *Declaration of Brian Lipman in Support of Confirmation of the Combined Plan and Disclosure Statement* [Docket No. 242] (the "Lipman Declaration") filed on August 4, 2017;

- the *Declaration of Benjamin Howard in Support of Confirmation of the Combined Plan and Disclosure Statement* [Docket No. 243] (the "Howard Declaration") filed on August 4, 2017;

- *Debtor's Reply to Various Objections and Comments Relating to Confirmation of Debtor's Combined Plan and Disclosure Statement* [Docket No. 246] filed on August 4, 2017;

- the record compiled in this Chapter 11 Case and all pleadings filed with respect thereto as reflected on the Court's docket maintained by the Clerk of the Court; and

- the offers of proof, evidence admitted, arguments presented, representations from counsel, and statements made on the record in open court at the Confirmation Hearing;

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based thereupon and after due deliberation, in addition to the findings of fact and conclusions of law stated orally on the recorded in open court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated into Bankruptcy Rule 7052 and applied to contested matters by Bankruptcy Rule 9014(c), the Court makes the following findings of fact and conclusions of law[4]:

A. <u>Jurisdiction, Authority and Venue</u>. The Court has jurisdiction over the Chapter 11 Case and this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. All matters in the Chapter 11 Case are core matters pursuant to 28 U.S.C. § 157(b)(2)(L) and *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011). No party having objected to, or withdrawn consent to the Court's entry of a final order, the Court finds it has the authority to enter a final order under *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S. ___,

---

[4] Any finding of fact constitutes a finding of fact even if it is stated as a conclusion of law, and any conclusion of law constitutes a conclusion of law even if it is stated as a finding of fact.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

135 S. Ct. 1932 (2015).

B. <u>Judicial Notice</u>.  Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the case docket and the claims register in this Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the Chapter 11 Case, including the Confirmation Status Conference and the Confirmation Hearing.

C. <u>Burden of Proof</u>.  The Debtor, as the proponent of the Combined Plan and Disclosure Statement, has met its burden of proving the requirements by a preponderance of the evidence for adequacy of information under section 1125 of the Bankruptcy Code and confirmation set forth in section 1129 of the Bankruptcy Code.

D. <u>Notice</u>.  As set forth in the Certificate of Solicitation Service and the Ballot Summary, in compliance with the Disclosure Statement/Confirmation Procedures Order, the Debtor provided sufficient notice of the Confirmation Hearing, and of the time fixed for filing objections to confirmation of the Combined Plan and Disclosure Statement by serving a solicitation package (the "Solicitation Package") consisting of (1) the Disclosure Statement/Confirmation Procedures Order; (2) the Combined Plan and Disclosure Statement (in CD-ROM format); (3) a letter from the Committee in support of the Combined Plan and Disclosure Statement; and (4) only as to those recipients entitled to vote on the Combined Plan and Disclosure Statement, an appropriate form of  Ballot with a return envelope on the following parties:  (a) all parties or entities, or their transferees or assignees if properly noted on the official claims register prior to the Solicitation Deadline (i.e. July 17, 2017), that have timely filed proofs of claim in accordance with the *Court's Order Setting Bar Date: July 17, 2017 and Directing Service By Debtor* [Docket No. 155] (the "Bar Date Order"); (b) all parties identified in the Debtor's Schedules as holding liquidated, noncontingent, and undisputed Claims in an amount greater than zero dollars, excluding scheduled Claims that have been superseded by filed proofs of claim; (c) all other known Holders of Claims against or Interests in the Debtor as of the Solicitation Deadline; (d)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

all parties to contracts and leases with the Debtor as reflected in the Debtor's Amended Schedule G, to the extent that such parties are not duplicative of those parties otherwise being served with a Solicitation Package pursuant to this paragraph; (e) the U.S. Trustee; (f) the Internal Revenue Service ("IRS"); (g) the Securities Exchange Commission ("SEC"); (h) the federal, state, and local taxing authorities to which the Debtor was required to remit certain taxes and fees as of the Petition Date; (i) the Attorney General's office for each state where the Store Closing Sales are being held; and (j) all parties having filed notices of appearance and requests for documents in this chapter 11 case. Service of the Solicitation Packages complies with the applicable provisions of (i) the Bankruptcy Code; (ii) the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017, and 3018; (iii) the Local Bankruptcy Rules; and (iv) the Orders of this Court, including the Disclosure Statement/Confirmation Procedures Order.

E.    <u>Good Faith Solicitation</u>.    Based upon the record in the Chapter 11 Case: (i) the solicitation of acceptances or rejections of the Combined Plan and Disclosure Statement was made in good faith and in compliance with the Disclosure Statement/Confirmation Procedures Order, all applicable provisions of the Bankruptcy Rules (including Bankruptcy Rules 3017 and 3018) and all applicable provisions of the Bankruptcy Code (including sections 1125 and 1126), and (ii) the Debtor, the Estate, the Committee, and the foregoing parties' respective members, officers, directors, employees, affiliates, advisors, professionals and agents have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and the Bankruptcy Rules in connection with their respective activities relating to the solicitation of acceptances to the Combined Plan and Disclosure Statement and their participation in the activities described in section 1125 of the Bankruptcy Code and, accordingly, such parties are entitled to the protections afforded by the section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in this Confirmation Order and in the Combined Plan and Disclosure Statement.

F.    <u>Acceptances of the Combined Plan and Disclosure Statement</u>.    As provided in the Combined Plan and Disclosure Statement, the Classes entitled to vote on the Combined Plan and Disclosure Statement are Classes 1, 2A, 2B, 3, 5A, and 5B.  As evidenced by the Ballot

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Summary, all such voting classes have accepted the Combined Plan and Disclosure Statement within the meaning of section 1126(c) of the Bankruptcy Code.

G. <u>Objections</u>.   All objections to confirmation of the Combined Plan and Disclosure Statement have been resolved with the Debtor or overruled by the Court, as stated on the record in open court.  The modifications to the Combined Plan and Disclosure Statement stated herein reflect compromises the Debtor stated on the record as having been reached with various objecting parties at the Confirmation Hearing.

H. <u>Exoneration and Release of Debtor, IDB, Committee and Professionals</u>.  Based upon the facts and circumstances presented, the exculpation and release provisions in Sections IX.J and XI.A of the Combined Plan and Disclosure Statement are fair, equitable, reasonable and integral elements of the Combined Plan and Disclosure Statement and the resolution of the Chapter 11 Case, are in the best interests of the Debtor and the Estate, and are supported by good and valuable consideration, the adequacy of which is hereby confirmed.

I. <u>Compliance with Section 1125 of the Bankruptcy Code</u>.  The Debtor has made a showing by a preponderance of the evidence that the disclosure statement contained within the Combined Plan and Disclosure Statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

J. <u>Compliance with Section 1129 of the Bankruptcy Code</u>.  The Debtor has made a showing by a preponderance of the evidence that the Combined Plan and Disclosure Statement complies with all applicable requirements of section 1129(a) of the Bankruptcy Code and, specifically the following subsections:

1. <u>Section 1129(a)(1) of the Bankruptcy Code</u>.  The Debtor has made a showing by a preponderance of the evidence that the Combined Plan and Disclosure Statement complies with all applicable sections of the Bankruptcy Code, including sections 1122 and 1123.

(a) <u>Section 1122 of the Bankruptcy Code</u>.  Each Claim placed in a particular Class under the Combined Plan and Disclosure Statement is

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

substantially similar to other Claims in that Class.

(b)      Section 1123(a) of the Bankruptcy Code.  The Combined Plan and Disclosure Statement complies with all the mandatory requirements of section 1123(a) of the Bankruptcy Code, as follows:

i.      Section 1123(a)(1) of the Bankruptcy Code.  Section VII of the Combined Plan and Disclosure Statement designates seven (7) Classes of Claims and one Class of Interests, which constitutes all Classes of Claims except Administrative Claims and Priority Tax Claims.

ii.      Section 1123(a)(2) of the Bankruptcy Code.  Section VII of the Combined Plan and Disclosure Statement designates Class 4 as unimpaired.

iii.      Section 1123(a)(3) of the Bankruptcy Code.  Section VII of the Combined Plan and Disclosure Statement designates Classes 1, 2A, 2B, 3, 5A, 5B and 6 as impaired.

iv.      Section 1123(a)(4) of the Bankruptcy Code.  The Combined Plan and Disclosure Statement provides for the same treatment of Claims and Interests within each Class.

v.      Section 1123(a)(5) of the Bankruptcy Code.  The Combined Plan and Disclosure Statement provides adequate and appropriate means for its implementation, which includes, among other things, income from operations of the Debtor and Reorganized Debtor as reflected in the Exit Projections, and a loan amendment from IDB.

vi.      Section 1123(a)(6) of the Bankruptcy Code. Since the Debtor is a limited liability company, this does not apply.

vii.      Section 1123(a)(7) of the Bankruptcy Code.  The Debtor's selection of Mr. Lipman to continue as the managing member of the Reorganized Debtor is consistent with the interests of creditors and

with public policy.  As more fully detailed in the Lipman Declaration, Mr. Lipman has extensive knowledge and experience relating to the Debtor's financial affairs and has remained firmly committed to the Company's success and reorganization.

2.      Section 1129(a)(2) of the Bankruptcy Code.  The Debtor, as a proponent of the Combined Plan and Disclosure Statement, has complied with all of the Bankruptcy Code's applicable provisions.  The Debtor solicited acceptances of the Combined Plan and Disclosure Statement in accordance with the requirements of the Disclosure Statement/ Confirmation Procedures Order.  The Debtor properly tabulated the Ballots of Holders of Claims entitled to vote.  The Debtor has further complied with all Orders of the Court, provisions of the Bankruptcy Code, and requirements of the Bankruptcy Rules, regarding the solicitation and confirmation of the Combined Plan and Disclosure Statement.

3.      Section 1129(a)(3) of the Bankruptcy Code.  Based on a totality of circumstances and in light of no objection being raised under section 1129(a)(3) of the Bankruptcy Code, the Debtor has proposed the Combined Plan and Disclosure Statement and solicited votes in good faith, in compliance with the Bankruptcy Code and not by any means forbidden by law.

4.      Section 1129(a)(4) of the Bankruptcy Code.  Section VI.B of the Combined Plan and Disclosure Statement provides that Professional Fee Claims will be paid only after approval of the final fee applications of the professionals asserting those Professional Fee Claims.  Section VI.B of the Combined Plan and Disclosure Statement further provides that other Administrative Claims will be paid only if they constitute Allowed Administrative Claims in accordance with the Combined Plan and Disclosure Statement.

5.      Section 1129(a)(5) of the Bankruptcy Code.  The Combined Plan and Disclosure Statement provides that Mr. Lipman will retain control of the Company

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

through new membership interests in the Reorganized Debtor.   As stated in the Lipman Declaration, Mr. Lipman will receive the same, or substantially similar compensation as received through the Chapter 11 Case, as reflected in the *Notice of Setting Insider Compensation* served on May 15, 2017 [*See* Docket No. 91].  Mr. Lipman has extensive knowledge and experience relating to the Debtor's financial affairs and has remained firmly committed to the Company's success and reorganization.   Therefore, Mr. Lipman's continued control of the Company is consistent with the interest of Creditors and public policy.

6.      Section 1129(a)(6) of the Bankruptcy Code.  Section 1129(a)(6) is not applicable to the Combined Plan and Disclosure Statement.

7.      Section 1129(a)(7) of the Bankruptcy Code.  As reflected in the Liquidation Analysis attached as Exhibit 5 to the Combined Plan and Disclosure Statement, each Holder of an Allowed Claim will receive under the Combined Plan and Disclosure Statement property of a value not less than the amount such Holder would receive if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

8.      Section 1129(a)(8) of the Bankruptcy Code.  As set forth in the Ballot Summary, the Combined Plan and Disclosure Statement has been accepted, within the meaning of section 1126(c) of the Bankruptcy Code, by the Holders of Claims in Classes 1, 2A, 2B, 3, 5A and 5B   Therefore, all impaired Classes of Claims and Interests have accepted the Combined Plan and Disclosure Statement.

9.      Section 1129(a)(9) of the Bankruptcy Code.  The Combined Plan and Disclosure Statement satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code, as follows:

(a)      Section VI of the Combined Plan and Disclosure Statement provides that each Allowed Administrative Claim (except for Ordinary Course Administrative Claims and Professional Fee Claims), unless the Holder of such Claim agreed to different treatment, shall be paid in full in Cash by the

Reorganized Debtor on the latest of: (a) the Effective Date; (b) such date as may be fixed by the Bankruptcy Court; (c) the (10th) Business Day after such Claim is Allowed; (d) such date as the Holder of such Claim and the Reorganized Debtor may agree; and (e) the date such Claim is otherwise due according to its terms. Allowed Administrative Claims as to which the Debtor and Holder have reached an agreement with the Holder regarding payment are paid as reflected in the Exit Projections.

(b)    Section VI of the Combined Plan and Disclosure Statement further provides that each Holder of an Allowed Priority Tax Claim, unless the Holder of such Claim agreed to different treatment, shall receive in full satisfaction, discharge, exchange, and release thereof, Cash from the Reorganized Debtor in an aggregate amount equal to such Allowed Priority Tax Claim, together with interest, over a period not exceeding two years from the Petition Date.

10.    Section 1129(a)(10) of the Bankruptcy Code.  As set forth in the Ballot Summary, Classes 1, 2A, 2B, 3, 5A and 5B have each accepted the Combined Plan and Disclosure Statement.  Accordingly, all impaired Classes of Claims entitled to vote on the Combined Plan and Disclosure Statement have accepted the Combined Plan and Disclosure Statement and the Debtor satisfied section 1129(a)(10) of the Bankruptcy Code.

11.    Section 1129(a)(11) of the Bankruptcy Code.  As set forth in the Combined Plan and Disclosure Statement and the Exit Projections, as of the Effective Date the Debtor will have Cash on hand in an amount sufficient to pay the operating expenses of the Debtor and the Claims required to be paid on the Effective Date, excluding the Claims as to which the Holders have agreed to an alternate payment schedule.  Further as set forth in the Exit Projections, the basis of which was provided for in the Lipman Declaration and the Howard Declaration, the Reorganized Debtor will have sufficient Cash of the life of the Combined Plan and Disclosure Statement to make

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

payments required thereunder.  Finally the Lipman Declaration provides sufficient support that the financing efforts of the Debtor will enable the Debtor to re-finance the Class 1 Claim of IDB as provided for in the Combined Plan and Disclosure Statement and the IDB Loan Amendment.

12.    Section 1129(a)(12) of the Bankruptcy Code.  Section VI.B.6 of the Combined Plan and Disclosure Statement provides that U.S. Trustee Fees due and owing under 28 U.S.C. § 1930 shall be paid prior to the Effective Date by the Debtor, and after the Effective Date by the Reorganized Debtor, in each case, when due in accordance with applicable law.

13.    Section 1129(a)(13) of the Bankruptcy Code.  The requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable to the Debtor or the Combined Plan and Disclosure Statement, as the Debtor has no retiree benefits within the meaning of section 1129(a)(13).

14.    Section 1129(a)(14) of the Bankruptcy Code.  The requirements of section 1129(a)(14) of the Bankruptcy Code are not applicable to the Debtor or the Combined Plan and Disclosure Statement, as the Debtor is not required by any judicial or administrative order to pay a domestic support obligation.

15.    Section 1129(a)(15) of the Bankruptcy Code.  The requirements of section 1129(a)(15) of the Bankruptcy Code are not applicable to the Debtor or the Combined Plan and Disclosure Statement, as the Debtor is not and individual.

16.    Section 1129(a)(16) of the Bankruptcy Code.  Section 1129(a)(16) is not applicable to the Combined Plan and Disclosure Statement because the Debtor is not a nonprofit entity.

17.    Section 1129(b) of the Bankruptcy Code.  Section 1129(b) is not applicable to the Combined Plan and Disclosure Statement because all of the requirements of section 1129(a) of the Bankruptcy Code including section 1129(a)(8) of the Bankruptcy Code are satisfied.

## THEREFORE, IT HEREBY IS ORDERED THAT:

1.  <u>Modifications Approved</u>.  The modifications to the Combined Plan and Disclosure Statement set forth in the Plan Modifications are hereby approved.

2.  <u>Incorporation of Stipulations</u>.  The terms of the stipulation between: (i) the Debtor and the Texas Taxing Authorities [Docket 228]; and (ii) between the Debtor and IDB as set forth in that certain *Stipulation By and Between the Debtor and Israel Discount Bank of New York Amending the Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement, as Modified* [Dkt. No.250] , are incorporated herein by reference and deemed part of the Combined Plan and Disclosure Statement.

3.  <u>Final Approval of Disclosure Statement</u>.  The disclosure statement contained within the Combined Plan and Disclosure Statement is approved, on a final basis, as containing adequate information pursuant to section 1125 of the Bankruptcy Code.

4.  <u>Confirmation of Combined Plan and Disclosure Statement</u>.  The Combined Plan and Disclosure Statement (as modified in accordance with Section 1127(a) of the Bankruptcy Code) is hereby confirmed under Section 1129 of the Bankruptcy Code.  The terms of the Combined Plan and Disclosure Statement, and each of the Exhibits attached thereto, are incorporated by reference into, and are an integral part of, the Combined Plan and Disclosure Statement and this Confirmation Order and are hereby confirmed, authorized and approved.

5.  <u>Approval of B&B Creditor Trust Agreement</u>.  The B&B Creditor Trust Agreement filed as <u>Exhibit 6</u> to the Combined Plan and Disclosure Statement is deemed part of the Combined Plan and Disclosure Statement and incorporated therein and is hereby approved.  Upon execution, the B&B Creditor Trust Agreement shall be valid, binding and enforceable in accordance with its terms, to the maximum extent permitted by law.

6.  <u>Appointment of B&B Creditor Trust Trustee</u>.  The Post-Effective Date Committee shall appoint the trustee of the B&B Creditor Trust.

7.  <u>Authority to Implement</u>.  Upon the entry of this Confirmation Order, all matters provided under the Combined Plan and Disclosure Statement shall be deemed to be authorized

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and approved without further approval from the Bankruptcy Court.  The Debtor, the Reorganized

Debtor and the B&B Creditor Trust, as applicable shall be authorized, without further application

to, or Order of the Bankruptcy Court, to take whatever action is necessary to achieve

consummation and carry out the Combined Plan and Disclosure Statement and to make

Distributions.

        8.  <u>Notice of Effective Date</u>.  As soon as practicable after the occurrence of the

Effective Date, the Reorganized Debtor shall file and serve on the Limited Service List with this

Court a notice (the "Effective Date Notice") specifying the date and occurrence of the Effective

Date, as a matter of record.

        9.  <u>Binding Effect</u>.  Except as otherwise provided herein or in the Combined Plan and

Disclosure Statement, the occurrence of the Effective Date will bind the Debtor, the B&B

Creditor Trust, the Post-Effective  Date Committee, all Creditors, Holders of Interests, and other

parties in interest to the provisions of the Combined Plan and Disclosure Statement, whether or

not the Claim or Interest of such Creditor or Interest Holder is impaired under the Combined Plan

and Disclosure Statement, and whether or not such Creditor or Interest Holder has accepted the

Combined Plan and Disclosure Statement.

      10.  <u>Administrative Claims Bar Date</u>.  Excluding Professional Fee Claims, 503(b)(9)

Claims, and any Administrative Claim or Superpriority Claim held by IDB pursuant to the Initial

Cash Collateral Stipulation, the Second Cash Collateral Stipulation, or the Cash Collateral Orders,

entities asserting an Administrative Claim against the Debtor must have filed a request for

payment with the Bankruptcy Court under section 503(a) of the Bankruptcy Code no later than

thirty (30) days following the Effective Date.  Any entity asserting an Administrative Claim that

fails to file a timely request under this Paragraph shall be forever barred from asserting an

Administrative Claim against the Debtor and/or sharing in any Distribution under the Combined

Plan and Disclosure Statement on account of such Administrative Claim.

      11.  <u>Professional Fee Claims</u>.

          (a)  <u>Requests for Payment of Professional Fee Claims</u>.  Each Holder of a

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Professional Fee Claim seeking an award by the Bankruptcy Court of compensation for services rendered or reimbursement of expenses incurred through and including the Effective Date shall file such Holder's final application for the allowance of compensation for services rendered and the reimbursement of expenses incurred through the Effective Date by no later than the thirtieth (30th) day after the Effective Date.  All objections to the allowance of Professional Fee Claims through the Effective Date must be filed and served by no later than the forty-fifth (45th) day after the Effective Date.

(b) IDB Funding of Carve Out Escrow.  On the Effective Date, IDB shall fund the Professional Fee Carve Out Escrow with the Carve Out Amount, thereby releasing IDB from any further obligations under the Cash Collateral Orders pertaining to any Professional Fee Claim.  The Debtor shall distribute the Carve Out Amount among Professionals in payment of their Allowed Administrative Claim up to the Carve Out Amount allocated to such Professionals pursuant to the Cash Collateral Motion and the Cash Collateral Orders.  To the extent that any Holder of a Professional Fee Claim has an Allowed Administrative Claim less than the Carve Out Amount allocated to such Professional as set forth in the Cash Collateral Orders, the amount by which the Carve Out Amount allocated to such Professional exceeds its Allowed Administrative Claim shall be applied to the IDB Claim.

12. Dissolution of Committee.  On the Effective Date, the Committee shall be dissolved and all members of the Committee and its Professionals shall be discharged from their duties as members of, and Professionals retained by, the Committee.

13. Post-Effective Date Committee.  As of the Effective Date, there shall be formed a Post-Effective Date Committee.  The members of such Post-Effective Date Committee will be those members of the Committee who wish to continue to serve.  Five (5) days prior to the Effective Date, the Committee shall file with the Bankruptcy Court a notice of selection of the Post-Effective Date Committee's members, which notice will name the members of the Post-Effective Date Committee.

14. Vesting of Park Causes of Action in B&B Creditor Trust.  Upon the Effective

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Date, the Debtor, on its behalf and on behalf of the Estate, hereby irrevocably and absolutely

transfers, assigns, conveys, and delivers to the B&B Creditor Trustee, and the same shall be

preserved and vest in the B&B Creditor Trust pursuant to section 1123(b) of the Bankruptcy

Code, this Confirmation Order, the Combined Plan and Disclosure Statement, or any other Order

of the Bankruptcy Court: (i) all Claims, rights, and Causes of Action of the Debtor and/or the

Estate against Brian Park and/or Denise Park (collectively the "Parks"), whether in their

individual capacities or as trustees of the Brian Park and Denise Park Family Trust Dated

November 15th, 1996, including their agents, representatives, successors or assignees, arising in

connection with (a) the July 2006 acquisition of Bachrach, Inc. by Bachrach Acquisition, and/or

(b) the Parks' subsequent divestment of interest in the Debtor (collectively, the "Park Claims");

and (ii) all defenses, offsets, rights of recoupment, rights of disallowance, recharacterization

and/or equitable subordination with respect to the Park Claims.

    15. <u>Assumption of Executory Contracts and Unexpired Leases</u>.  On the Confirmation

Date, pursuant to section 1123(b)(2) of the Bankruptcy Code, each executory contract and

unexpired leases listed on the Schedule of Assumed Agreements, as it may be amended from time

to time prior to the Confirmation Date as permitted under the Combined Plan and Disclosure

Statement, shall be assumed by the Reorganized Debtor.  Each executory contract and unexpired

lease listed in the Schedule of Assumed Agreements shall include the rental modification, if any,

agreed to between the Debtor and the other party to such executory contract or unexpired lease.

    16. <u>Assumption Cure Payments</u>.    Except as otherwise provided herein or unless

otherwise agreed to by the Debtor and applicable non-Debtor, this Confirmation Order shall

constitute a conclusive determination as to the amount of any Cure Payment due under section

365(b)(1) of the Bankruptcy Code regarding each assumed agreement identified in the Schedule

of Assumed Agreements.  The Reorganized Debtor shall pay the Aggregate Cure Payment

identified in the Schedule of Assumed Agreements in Cash as set forth in the Exit Projections

following the Effective Date, until the Aggregate Cure Payment is paid in full.  The Aggregate

Cure Payment shall not include rents and other charges accrued in August 2017 relating to leases

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

to be assumed under the Combined Plan and Disclosure Statement, as the Debtor shall pay such rent and other charges in the ordinary course prior to the Effective Date. Each non-Debtor party to an agreement assumed under the Combined Plan and Disclosure Statement that is entitled to a Cure Payment, shall be paid monthly a pro rata portion of the Aggregate Cure Payment as set forth in the Exit Projections. The monthly Aggregate Cure Payment made pursuant to Section X.A.2 of the Combined Plan and Disclosure Statement shall constitute adequate assurance that the Debtor and/or Reorganized Debtor will promptly cure the defaults with respect to the applicable leases and agreements within the meaning of section 365 Bankruptcy Code.

17. Rejection of Executory Contracts and Unexpired Leases. On the Effective Date, pursuant to section 1123(b)(2) of the Bankruptcy Code, all executory contracts and unexpired leases that (i) have not been previously assumed or rejected by Order or Rejection Notice and (ii) that are not set forth on the Schedule of Assumed Agreements, shall be rejected. Executory contracts and unexpired leases that have been previously assumed or assumed and assigned pursuant to an Order of the Bankruptcy Court, if any, shall not be affected by this Confirmation Order.

18. Rejection Damages Bar Date.

(a) Rejection Through Combined Plan and Disclosure Statement. Any Rejection Damages Claim or other Claim against the Debtor for damages arising from the rejection under the Combined Plan and Disclosure Statement of an executory contract or unexpired lease must be filed and served upon counsel to the Reorganized Debtor within thirty (30) days after the Effective Date.

(b) Rejection Outside Combined Plan and Disclosure Statement. For all Rejection Damages Claims not arising from rejection under the Combined Plan and Disclosure Statement, the Rejection Claim Bar Date for contracts and leases rejected prior to the Claims Bar Date by the Order of the Bankruptcy Court or pursuant to the Lease Rejection Procedures shall be the later of : (a) the date(s), if any, set forth in the applicable rejection Order(s) or Rejection Notice(s); or (b) the Claims Bar Date. The Rejection Damages Claim Bar Date for contracts and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

leases rejected by Order or Rejection Notice after the Claims Bar Date shall be the earlier of:  (a) the date(s), if any, set forth in the applicable rejection Order(s) or Rejection Notice(s) approving or authorizing rejection of such contract or lease; or (b) thirty (30) days after the Effective Date.

(c)  The Rejection Damages Claims Bar Date set forth herein and in the Combined Plan and Disclosure Statement apply to all Rejection Damages Claims, notwithstanding whether the Holder previously filed an Estimated Rejection Damages Claim.  In no case will the filing of an Estimated Rejection Damages Claim be deemed a substitute for the timely filing of a Rejection Damages Claim, provided, however that previously filed proof of claim asserting an Estimated Rejection Damages Claim may be subsequently amended to assert a Rejection Damages Claim as long as the filing of the amended proof of claim complies with the deadlines set forth in the Combined Plan and Disclosure Statement, as applicable.

(d)  Any Rejection Damages Claims that are not timely filed and served as set forth herein or in the Combined Plan and Disclosure Statement will be forever barred and unenforceable against the Debtor, the Reorganized Debtor, the Estate, and their respective property, and any Person holding such a Claim will be barred from receiving any Distribution under the Combined Plan and Disclosure Statement on account of such untimely Claims.

19. Other Orders of the Court.  As provided for in the Cash Collateral Orders, the provisions of the Initial Cash Collateral Stipulation and the Second Cash Collateral Stipulation, as applicable, shall remain valid and binding on and against the parties provided for therein and shall survive entry of this Confirmation Order.

20. Exoneration and Release.  None of the Debtor, the Estate, the Reorganized Debtor, the Committee, the Post-Effective Date Committee, IDB, or any of the foregoing parties' respective members, officers, directors, employees, affiliates, advisors, Professionals or agents shall have or incur any liability to any Holder of a Claim for any act or omission occurring on or after the Petition Date in connection with or related to the pursuit of confirmation of the Combined Plan and Disclosure Statement, except for their willful misconduct, gross negligence, fraud, breach of fiduciary duty or any obligations that they have under or in connection with the

Combined Plan and Disclosure Statement or the transactions contemplated in the Combined Plan

and Disclosure Statement, and in all respects, the Debtor, the Estate, the Reorganized Debtor, the

Committee, the Post-Effective Date Committee, IDB, or any of the foregoing parties' respective

members, officers, directors, employees, affiliates, advisors, Professionals or agents shall be

entitled to rely on the advice of their respective counsel with respect to their duties and

responsibilities in connection with the Chapter 11 Case and the Combined Plan and Disclosure

Statement.

      21. <u>Discharge and Injunction</u>.  Except as otherwise expressly provided herein or in the

Combined Plan and Disclosure Statement, (i) the rights afforded in the Combined Plan and

Disclosure Statement and the treatment of all Claims and Interests therein, are in exchange for

and in complete satisfaction, discharge, and release of Claims, Interests or other debts of any

nature whatsoever against the Debtor and the Reorganized Debtor or any of its assets or

properties that arose at any time before the Effective Date.  For the avoidance of doubt the IDB

Prepetition Financing Documents, the IDB Loan Amendment and the Cash Collateral Orders

shall be valid and enforceable in all respects according to their terms and unaffected by this

discharge and injunction provision.  Nothing herein or in the Combined Plan and Disclosure

Statement should be construed as intending to discharge any obligation of agreements assumed by

the Debtor under section 365 of the Bankruptcy Code.

      Except as otherwise expressly provided herein or in the Combined Plan and Disclosure

Statement, on the Confirmation Date, (a) the Debtor, the Estate, the Reorganized Debtor and their

respective property are discharged and released hereunder to the fullest extent permitted by

sections 524 and 1141 of the Bankruptcy Code from all Claims and rights against them that arose

before the Confirmation Date, including all debts, obligations, demands, and liabilities, and all

debts of the kind specified in Bankruptcy Code sections 502(g), 502(h), or 502(i), regardless of

whether or not (i) a proof of Claim based on such debt is filed or deemed filed, (ii) a Claim based

on such debt is allowed pursuant to section 502 of the Bankruptcy Code, or (iii) the Holder of a

Claim based on such debt has or has not accepted the Combined Plan and Disclosure Statement;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(b) any judgment underlying a Claim discharged hereunder is void; and (c) all entities are precluded from asserting against the Debtor, the Estate, the Reorganized Debtor and their respective property, any Claims or rights based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date.   For the avoidance of doubt, the foregoing shall not release or discharge the IDB Claim or IDB Collateral, which shall be governed by the IDB Prepetition Financing Documents and IDB Loan Amendment.

    Except as otherwise expressly provided herein or in the Combined Plan and Disclosure Statement or in the IDB Prepetition Financing Documents and the IDB Loan Amendment , on and after the Confirmation Date, all entities who have held, currently hold, or may hold a Claim against the Debtor, the Estate, or the Reorganized Debtor, that is based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Confirmation Date, that otherwise arose or accrued prior to the Confirmation Date, or that otherwise is discharged pursuant to the Combined Plan and Disclosure Statement, are permanently enjoined from taking any of the following actions on account of any such discharged Claim: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, the Estate, the Reorganized Debtor, or their respective property, that is inconsistent with this Confirmation Order or the Combined Plan and Disclosure Statement; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or Order against the Debtor, the Estate, the Reorganized Debtor or their respective property, other than as expressly permitted under the Combined Plan and Disclosure Statement; (iii) creating, perfecting, or enforcing any Lien or encumbrance against property of the Debtor, the Estate or the Reorganized Debtor, other than as expressly permitted under the Combined Plan and Disclosure Statement; and (iv) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of this Confirmation Order, the Combined Plan and Disclosure Statement, or the discharge provisions of section 1141 of the Bankruptcy Code.   Any Person or entity injured by any willful violation of the injunction imposed hereunder or under the Combined Plan and Disclosure Statement shall recover actual damages, including costs and attorneys' fees, and, in

appropriate circumstances, may recover punitive damages, from the willful violator.

Except as otherwise expressly provided herein, in the Combined Plan and Disclosure Statement or by Order of the Bankruptcy Court, all injunctions or stays provided for in the Chapter 11 Case under sections 105 and 362 of the Bankruptcy Code or otherwise in effect on the Confirmation Date shall remain in full force and effect until the Effective Date.

Nothing contained herein or in the Combined Plan and Disclosure Statement shall impair (i) the rights of any Holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtor, Reorganized Debtor or Post- Effective Date Committee, as applicable; (ii) the right of any defendant in an Avoidance Action to assert defenses in such action; or (iii) the right of any counterparty to an assumed executory contract or unexpired lease to enforce the terms of such contact or lease.

22. Release of IDB.  As of the Effective Date, except for the obligations of IDB set forth in the IDB Loan Amendment, the Debtor, the Estate, the Reorganized Debtor, the Committee, Post-Effective Date Committee, the B&B Creditor Trust, the B&B Creditor Trustee, any representative of the Estate, and any trustee (the foregoing referred to hereinafter collectively as the "IDB Releasing Parties") shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released, waived and discharged IDB, including its directors, officers, employees, members, participants, agents, representatives, partners, affiliates, counsel, other advisors, successors or assigns, from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, Avoidance Actions, remedies, and liabilities whatsoever (including any derivative Claims asserted on behalf of the Debtor or Estate), whether known or unknown, foreseen or unforeseen, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, existing or hereinafter arising, in law, equity, or otherwise, that the IDB Releasing Parties would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the Combined Plan and Disclosure Statement, including the negotiation, formulation, or preparation thereof, the IDB Claim, the IDB Prepetition

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Financing Documents and IDB Loan Amendment, the Cash Collateral Orders, the Park Claims, or any other act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date. The IDB Releasing Parties acknowledge that they have had the opportunity to be advised by legal counsel and are familiar with the provisions of California Civil Code § 1542, which provides as follows: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR. It is the intention of the IDB Releasing Parties to waive their rights under California Civil Code § 1542 and any statute, rule, or legal doctrine of any other jurisdiction of similar import for any and all matters released in this Combined Plan and Disclosure Statement. In waiving the provisions of § 1542 of the California Civil Code and similar provisions, the IDB Releasing Parties expressly acknowledge and understand that they may hereafter discover facts in addition to or different from those that they believe to be true with respect to the matters released in Section IX.J of the Combined Plan and Disclosure Statement, but expressly agree that they have taken these possibilities into account in electing to participate in the Combined Plan and Disclosure Statement, and that the releases given therein shall be and remain in effect as full and complete general releases notwithstanding the discovery or existence of any such additional or different facts, as to which the IDB Releasing Parties expressly assume the risk.

23. <u>Conditions to Effective Date.</u> The Combined Plan and Disclosure Statement shall not become effective unless and until the conditions set forth in Section IX.A and IX.B of the Combined Plan and Disclosure Statement have been satisfied or waived pursuant to Section IX.B of the Combined Plan and Disclosure Statement.

24. <u>Conflicts.</u> To the extent that any provisions of the Combined Plan and Disclosure Statement or any other order (other than this Confirmation Order) entered in the Chapter 11 Case (or any exhibits, schedules, appendices, supplements or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Combined Plan and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Disclosure Statement, this Confirmation Order shall govern and control except as expressly set forth herein or in the Combined Plan and Disclosure Statement. Notwithstanding the foregoing or anything else contained in the Combined Plan and Disclosure Statement, nothing in the Combined Plan and Disclosure Statement or Confirmation Order shall modify, alter or affect the IDB Loan Amendment, except as expressly set forth therein, and in any conflict between the Combined Plan and Disclosure Statement or Confirmation Order on one hand and the IDB Loan Amendment on the other, the IDB Loan Amendment shall govern and control.

25. Retention of Jurisdiction.

Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Case after the Effective Date to the fullest extent provided by law, including but not limited to the jurisdiction to:

(a) Allow, disallow, determine, liquidate, classify, establish the priority or secured or unsecured status of, estimate, limit, or subordinate any Claim;

(b) Grant or deny any and all applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Combined Plan and Disclosure Statement, for periods ending on or before the Effective Date;

(c) Resolve any motions pending on the Effective Date to assume, assume and assign, or reject any executory contract or unexpired lease to which the Debtor is a party or with respect to which the Debtor may be liable and to hear, determine and, if necessary, liquidate, any and all Claims arising therefrom;

(d) Resolve any and all other applications, motions, adversary proceedings, and other matters involving the Debtor that may be pending on the Effective Date or that may be instituted thereafter in accordance with the terms of the Combined Plan and Disclosure Statement;

(e) Ensure that Distributions to Holders of Allowed Claims, including but not limited to Allowed Administrative Claims, are accomplished pursuant to the provisions of the Combined Plan and Disclosure Statement;

(f)  Enter such Orders as may be necessary or appropriate to implement or consummate the provisions of the Combined Plan and Disclosure Statement and all contracts, instruments, releases, and other agreements or documents entered into in connection with the Combined Plan and Disclosure Statement;

(g)  Resolve any and all controversies, suits, or issues that may arise in connection with the consummation, interpretation, or enforcement of this Confirmation Order, the Combined Plan and Disclosure Statement, and/or or any entity's rights or obligations under this Confirmation Order and/or the Combined Plan and Disclosure Statement;

(h)  Modify the Combined Plan and Disclosure Statement before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code, or any contract, instrument, release, or other agreement or document created in connection with the Combined Plan and Disclosure Statement; or remedy any defect or omission or reconcile any inconsistency in any Order of the Bankruptcy Court, the Combined Plan and Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with the Combined Plan and Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Combined Plan and Disclosure Statement, to the extent authorized by the Bankruptcy Code;

(i)  Issue injunctions, enter and implement other Orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Confirmation Order and/or the Combined Plan and Disclosure Statement;

(j)  Enter and implement such Orders as are necessary or appropriate if this Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

(k)  Determine any other matters that may arise in connection with or relate to this Confirmation Order, the Combined Plan and Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with the

Combined Plan and Disclosure Statement; and

(l)  Enter a final decree closing the Chapter 11 Case.

26. <u>U.S Trustee Fees and Reports</u>.  U.S. Trustee Fees payable under 28 U.S.C. § 1930(a)(6) shall be paid prior to the Effective Date by the Debtor, and after the Effective Date by the Reorganized Debtor, in each case, when due in accordance with applicable law.  The Debtor shall continue to file the required monthly operating reports to show the calculation of such fees for the Estate until the Effective Date; after the Effective Date, the Reorganized Debtor shall file required quarterly reports until the Chapter 11 Case is closed under section 350 of the Bankruptcy Code.

27. <u>Waiver of Stay.</u>  The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after entry of the order is hereby waived. This Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or other applicable rule.

28. <u>Post Confirmation Status Reports</u>. Upon the Effective Date, the Reorganized Debtor will be relieved from the duty to make the reports and summaries required under Bankruptcy Rule 2015(a).  Notwithstanding the foregoing, pursuant to Local Bankruptcy Rule 3020-1 (b), within 120 days of the entry of this Confirmation Order, the Reorganized Debtor shall file a status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Combined Plan and Disclosure Statement.  The status report shall be served on the U.S. Trustee, the Debtor, the Post-Effective Committee, and the Limited Service List.  Further status reports shall be filed every 120 days and served on the same entities. //

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Case 2:17-bk-15292-NB    Doc 265    Filed 08/14/17    Entered 08/14/17 10:44:08    Desc
Main Document    Page 26 of 26

1

2     29. <u>Post-Confirmation Status Conference</u>.  The post-confirmation status conference

3   will be held on **September 12, 2017 at 2:00 p.m.** (prevailing Pacific Time) in the above

4   captioned courtroom, to address any issues arising post-confirmation, including any unresolved

5   amounts of any Cure Payments and attorney's fees related thereto.

###

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: August 14, 2017

Neil W. Bason
United States Bankruptcy Judge

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Fl. Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF: (1) ENTRY OF ORDER CONFIRMING THE DEBTOR'S COMBINED CHAPTER 11 PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT; (2) OCCURRENCE OF EFFECTIVE DATE UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT; (3) FIXING OF CERTAIN BAR DATES AND DEADLINES; (4) VESTING OF PROPERTY AND CAUSES OF ACTION UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT; (5) OCCURRENCE OF INJUNCTION AND RELEASES UNDER THE COMBINED PLAN AND DISCLOSURE STATEMENT; AND (6) CERTAIN RELATED MATTERS.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 31, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 31, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Notice to be served via Mailing Agent. Certificate of Service to be filed separately.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 31, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Messenger
The Honorable Neil W. Bason
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1552
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 31, 2017 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Matthew Brooks    matthew.brooks@troutmansanders.com, matthew.brooks@troutmansanders.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- John P Dillman    houston_bankruptcy@publicans.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Ronald E Gold    rgold@fbtlaw.com, joguinn@fbtlaw.com
- Steven T Gubner    sgubner@brutzkusgubner.com, ecf@brutzkusgubner.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- Yi S Kim    ykim@greenbass.com, ksopky@greenbass.com;ecfnotification@greenbass.com
- Dare Law    dare.law@usdoj.gov, Kenneth.G.Lau@usdoj.gov;Alvin.mar@usdoj.gov;hatty.yip@usdoj.gov
- Kenneth T Law    ken@bbslaw.com
- Thor D McLaughlin    tmclaughlin@allenmatkins.com, igold@allenmatkins.com
- Michael E Meyers    bdept@mrrlaw.net
- Penelope Parmes    penelope.parmes@troutmansanders.com, Vanessa.hudak@troutmansanders.com
- Kristen N Pate    ggpbk@ggp.com
- Hamid R Rafatjoo    hrafatjoo@venable.com, DGIge@venable.com;bclark@venable.com;kkhoang@venable.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Elizabeth Weller    dallas.bankruptcy@publicans.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.